# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Karen A. Chilgren,** | Case No. 5:19cv26 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | **Magistrate Judge David Ruiz** |
| **Andrew Saul,** <br> **Commissioner of Social** <br> **Security** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

This matter is before the Court on the Objections of Plaintiff Karen A. Chilgren ("Plaintiff" or "Chilgren") to the Report and Recommendation of Magistrate Judge David Ruiz regarding Plaintiff's request for judicial review of the Defendant Commissioner of the Social Security Administration's ("Defendant" or "Commissioner") denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. (Doc. No. 14, 15.)

For the reasons that follow, the Report & Recommendation ("R&R") is adopted in part and rejected in part, as follows. The Court declines to adopt the R&R insofar as it finds that the ALJ's failure to consider the May 2017 MRI of Chilgren's lumbar spine constitutes harmless error. The Court adopts the R&R insofar as it finds that the ALJ properly considered the combined impact of Chilgren's mental and physical impairments. Thus, the Court vacates and remands the ALJ's decision to the Social Security Administration ("SSA") for further proceedings consistent with this opinion.

**I.     Background**

In January 2014, Chilgren filed her applications for DIB and SSI, alleging a disability onset date of December 21, 2013. (Doc. No. 9 (Transcript ["Tr."] ) at 219. ) The applications were denied initially and upon reconsideration, and Chilgren requested a hearing before an administrative law judge ("ALJ"). (*Id*.) On December 17, 2015, the ALJ conducted a hearing at which Childgren was represented by counsel and testified. (*Id*.) A vocational expert ("VE") also testified. (*Id*.) On April 20, 2016, the ALJ found Chilgren was not disabled. (Tr. 219-238.) On June 2, 2017, the Appeals Council vacated that decision and remanded for a new hearing and decision, on the grounds the ALJ had failed to properly consider several medical source opinions. (Tr. 14, 239-242.)

The same ALJ held a new hearing on January 25, 2018. (Tr. 14, 77-128.) Chilgren appeared at the hearing, was represented by counsel, and testified. (Tr. 14.) A new VE attended the hearing and provided testimony. (Tr. 118-127.) In addition, a medical expert ("ME"), Robert B. Sklaroff, M.D., also participated in the hearing. (Tr. 14, 80, 98-117.) On May 24, 2018, the ALJ issued the second decision, again concluding that Chilgren was not disabled. (Tr. 14-35.) The Appeals Council denied Chilgren's request for review, thus rendering the ALJ's May 2018 decision the final decision of the Commissioner. (Tr. 1-3.)

The case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1) for a Report and Recommendation. The R&R concludes that the ALJ's decision is supported by substantial evidence and recommends that the decision be affirmed. (Doc. No. 14.) Chilgren filed Objections to the R&R, to which the Commissioner responded. (Doc. Nos. 15, 16.)

Chilgren raises the following two objections to the R&R: (1) the Magistrate Judge erred in finding that the ALJ's failure to consider a May 2017 MRI of Chilgren's lumbar spine constituted harmless error; and (2) the Magistrate Judge erred in concluding the ALJ properly considered the

combined impact of Chilgren's physical and mental impairments. (Doc. No. 15.) The Court has conducted a *de novo* review of the issues raised in Chilgren's Objections.

## II. Analysis

### A. Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926 at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, 2015 WL 5316216 at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell,* 1994 WL 532926 at *1). *See also* Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Under the Social Security Act, a disability renders the claimant unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment that can result in death or that can last at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). Consideration of disability claims follows a five-step review process.[1] 20 C.F.R. § 404.1520.

---

[1] Under this five step review, the claimant must first demonstrate that she is not currently engaged in "substantial gainful activity" at the time of the disability application. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Second, the claimant must

3

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 Fed. Appx. 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)). In determining whether an ALJ's findings are supported by substantial evidence, the Court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g., Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where

---

show that she suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education or work experience. *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d). Before considering step four, the ALJ must determine the claimant's residual functional capacity; i.e., the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from his/her impairments. 20 C.F.R. § 404.1520(e) and 416.930(e). At the fourth step, if the claimant's impairment or combination of impairments does not prevent her from doing her past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c), and 416.920(g). *See Abbot*, 905 F.2d at 923.

4

the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.").

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996)); *accord Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue*, 2011 WL 6130824 (S.D. Ohio Nov. 15, 2011); *Gilliam v. Astrue*, 2010 WL 2837260 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, 2010 WL 2929562 (N.D. Ohio July 9, 2010).

**B.     Plaintiff's Objections to the R&R[2]**

    **1.     Failure to Consider the May 2017 Lumbar MRI**

In her first Objection, Chilgren argues the Magistrate Judge erred in finding that the ALJ's failure to consider a May 2017 MRI of Chilgren's lumbar spine constituted harmless error. (Doc. No. 15 at pp. 1-5.) Chilgren emphasizes that, while an ALJ is not required to discuss every piece of evidence in the record, "in this case, not only did the ALJ fail to mention the MRI in his decision, he expressly and erroneously claimed that Chilgren never had an MRI." (*Id*. at p. 2.) Chilgren argues that "in failing to consider evidence that even the ALJ himself believed would have been pertinent, the ALJ failed to follow the proper legal criteria and accordingly, his decision cannot withstand review by this Court." (*Id.* at p. 3.)

---

[2] The Magistrate Judge's recitation of the medical and opinion evidence need not be repeated and is incorporated herein.

5

The Commissioner acknowledges that the ALJ incorrectly referenced the absence of a lumbar spine MRI in the decision but argues that the Magistrate Judge properly concluded that such "oversight" should be considered harmless. (Doc. No. 16 at p. 2.) The Commissioner notes that the ALJ considered other imaging studies, including a March 2014 x-ray of Chilgren's lumbar spine which indicated mild degenerative disc disease. (*Id*.) The Commissioner argues that "the May 2017 [MRI] did not show dramatically different findings," and, thus, the ALJ's failure to reference it was harmless. (*Id*.) Additionally, the Commissioner asserts that the ME had the benefit of reviewing the May 2017 MRI and "since the ALJ gave the ME's opinion great weight, and thus relied on the ME's review of the imaging studies and other medical evidence, it was not harmful error if he himself did not address one imaging study." (*Id*.) Finally, the Commissioner argues that remand "would be of little value" because other objective findings support the RFC finding, including findings of improved lumbar range of motion and strength. (*Id*.)

It is well-established that an ALJ is not required to discuss every single piece of evidence to support his or her decision. *See, e.g., Thacker v. Comm'r of Soc. Sec.,* 2004 WL 1153680 at * 3 (6th Cir. May 21, 2004). The ALJ is, however, required to *consider* all the relevant evidence in the record in assessing a claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."). *See also Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 378 (6th Cir. 2013) (finding that "an ALJ must consider all relevant evidence in the case record"); *Hurst v. Sec'y of H.H.S.*, 753 F.2d 517, 519 (6th Cir. 1985) ("Failure to consider the record as a whole undermines the Secretary's conclusion"); *Adkins v. Comm'r of Soc. Sec*., 2019 WL 1040943 at * 3 (N.D. Ohio Mar. 5, 2019) (same). Moreover, an ALJ must provide a discussion at each step of the sequential evaluation "in a manner that permits

meaningful review of the decision." *Boose v. Comm'r of Soc. Sec.*, 2017 WL 3405700 at *7 (N.D. Ohio June 30, 2017) (quoting *Snyder v. Comm'r of Soc. Sec.*, 2014 WL 6687227 at *10 (N.D. Ohio Nov. 26, 2014)). Indeed, as the Sixth Circuit has emphasized, "'it is more than merely helpful for the ALJ to articulate reasons ... for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review.'" *Rogers,* 486 F.3d at fn 5 (citing *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984)). *See also Hurst,* 753 F.2d at 519; *Powell v. Comm'r of Soc. Sec.*, 2019 WL 5850413 at * 7 (E.D. Mich. July 30, 2019).

Here, the Court agrees with Chilgren that the ALJ failed to consider the May 2017 MRI in rendering his decision. The ALJ expressly states in his decision that "the claimant has not . . . undergone MRI of the lumbar spine." (Tr. 26.) In addition, the ALJ further indicates that, "while a lumbar spine MRI was ordered [in April 2017], the imaging does not appear in the record and it does not appear the claimant followed up." (*Id.*) These statements are clearly incorrect, as the record reflects that Chilgren did, in fact, undergo a lumbar MRI on May 11, 2017.[3] (Tr. 1259-1260.) In light of the ALJ's affirmative (and incorrect) statements that Chilgren did not undergo an MRI of her lumbar spine, the Court finds that the ALJ did not consider the May 2017 lumbar MRI when issuing his decision.

The question is whether this error is harmless. For the following reasons, the Court respectfully disagrees with the Magistrate Judge and finds that it is not. In determining that Chilgren is capable of performing a reduced range of light work, the ALJ expressly relied (in part) on the fact

---

[3] The Commissioner notes that the ALJ mentioned the May 2017 MRI during the hearing (Tr. 112) and suggests that this indicates the ALJ duly considered the MRI in assessing the RFC. The Court disagrees. As set forth above, the ALJ expressly states in the decision that the lumbar MRI "does not appear in the record." (Tr. 26.) Thus, while the ALJ briefly mentioned the May 2017 MRI during the hearing, the Court finds that the ALJ's affirmative statement that no such MRI existed negates any inference that he considered that MRI in fashioning the RFC.

7

that imaging of her lumbar spine showed only "mild degenerative changes." For example, in his step four analysis, the ALJ found that Chilgren's allegations of chronic disabling pain "were not fully consistent with the objective medical evidence," in part, because "imaging of the claimant's spine showed mild degenerative changes." (Tr. 28.) Additionally, the ALJ rejected several proposed functional limitations offered by one of Chilgren's physicians, Dr. Williams, on the grounds that imaging showed only mild degenerative disc disease. *See* Tr. 32 (finding that "while the degenerative disc disease and degenerative joint disease [Dr. Williams] based his opinion on are confirmed by objective medical evidence, these are established as mild on imaging.") Lastly, the ALJ concluded that Chilgren's complaints of chronic pain "appear out of proportion to the objective evidence and treatment history," based, at least in part, on his factual finding that prior lumbar imaging showed only mild degenerative disc disease. (Tr. 25.)

The basis of the ALJ's factual finding (with respect to Chilgren's lumbar spine) is an x-ray that was taken in March 2014, over three years prior to the May 2017 MRI. The results of Chilgren's March 2014 lumbar x-ray are as follows:

> RESULTS: There is mild loss of disc space at L5-S1 with a minimal first degree spondylolisthesis of L4 on L5. There is no spondylolysis or spondylolisthesis.
>
> IMPRESSION: Mild degenerative disc disease L5-S1. Minimal spondylolisthesis of L4 on L5.

(Tr. 961.) The Commissioner argues that the ALJ's failure to acknowledge the May 2017 MRI of Chilgren's lumbar spine is harmless because the results of that MRI also show only mild findings and, thus, are not "dramatically different" from the March 2014 x-ray. (Doc. No. 16.) The results of the May 2017 MRI study are, in relevant part, as follows:

> IMPRESSION:

> Right foraminal disc protrusion at L4-5 abuts the exiting right L4 nerve.
>
> Lumbar spondylosis multilevel mild degenerative changes as mentioned.
>
> ***
>
> RESULT:
>
> ****
>
> L1-L2: Canal and foramina are patent.
>
> L2-L3: Minimal annular bulging. Canal and foramina are patent
>
> L3-L4: Diffuse disc bulge, facet arthropathy with rostrocaudal subluxation and ligamentum flavum hypertrophy result in minimal canal narrowing and mild bilateral foraminal narrowing.
>
> L4-L5: Anterolisthesis with disc uncovering, facet arthropathy with rostrocaudal subluxation and ligamentum flavum hypertrophy contribute to minimal canal narrowing. **A superimposed right foraminal/lateral protrusion (image 17 series 7) abuts the exiting right L4 nerve. Findings result in moderate-severe right neural foraminal narrowing.** There is mild left neural foraminal narrowing.
>
> L5-S1: Minimal annular bulging. Canal and foramina are patent

(Tr. 1259-1260) (emphasis added).

The Court finds that it is not clear that the May 2017 MRI showed only mild findings. While the MRI does show mild or minimal degenerative changes at several levels of Chilgren's spine (i.e., levels L2-L3, L3-L4, and L5-S1), it also reveals a protrusion abutting Chilgren's right L4 nerve, resulting in "moderate-severe right neural foraminal narrowing" at L4-L5. (*Id.*) The Commissioner asks this Court to assume that, despite its reference to "moderate-severe" foraminal narrowing, the May 2017 MRI is not materially different from the March 2014 lumbar x-ray which found only "mild degenerative disc disease" throughout Chilgren's lumbar spine. However, it is simply not clear to this Court that the MRI's objective finding of "moderate-severe" narrowing at L4 is equivalent to a

9

finding of mild degenerative disc disease. Nor is it the job of this Court to weigh this evidence in the first instance or to speculate that this particular objective finding of "moderate-severe" narrowing would not have altered the ALJ's assessment of Chilgren's RFC. Indeed, it is the ALJ, and not the Court, that is the finder of fact. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). For this reason, courts have not hesitated to remand where ALJs have neglected to consider relevant objective medical evidence. *See, e.g., Adkins*, 2019 WL 10400943 at * 3 ("The ALJ overlooked the more recent MRI and thus did not reconcile it with her conclusion that there was no objective evidence supporting Adkins's testimony about increased pain after his alleged onset date. In these circumstances, the ALJ's decision, resting as it does on a demonstrably incorrect statement about the content of the medical record, cannot stand."); *Stubbs v. Berryhill*, 2018 WL 5255140 at * 16-18 (N.D. Ohio Oct. 22, 2018) (remanding whether ALJ "failed to acknowledge or address the abnormal objective findings documented by her physicians, and misstated the evidence in several respects."); *Davidson v. Berryhill*, 2017 WL 4682343 at * 15-16, fn 4 (N.D. Ohio Oct. 18, 2017) (remanding where ALJ failed to acknowledge or address relevant medical evidence).

The Commissioner maintains that the ALJ's error is nonetheless harmless because the ME had the benefit of reviewing the May 2017 MRI and "since the ALJ gave the ME's opinion great weight, and thus relied on the ME's review of the imaging studies and other medical evidence, it was not harmful error if he himself did not address one imaging study." (Doc. No. 16 at p. 2.) This argument is without merit. It is well established that it is the responsibility of the ALJ (not a medical expert) to evaluate all relevant medical evidence of record and determine a claimant's RFC. *See e.g,. Nejat v. Comm'r of Soc. Sec.*, 359 Fed. Appx 574, 578, (6th Cir.2009) ("Although physicians opine on a claimant's residual functional capacity to work, ultimate responsibility for capacity-to-work

determinations belongs to the Commissioner."); *Feigenbaum v. Comm'r of Soc. Sec.*, 2014 WL 201483 at * 5 (N.D. Ohio Jan. 17, 2014) ("[I]t is ultimately the ALJ's responsibility to analyze the medical opinion evidence and determine Plaintiff's RFC."). Thus, the fact that the ME may have considered the May 2017 MRI does not absolve the ALJ of his independent responsibility to evaluate this evidence and adequately consider it in assessing Chilgren's RFC.

Finally, the Commissioner argues that remand would be "of little value" because "other objective findings support the RFC finding," including evidence showing improvement with treatment. The Court finds this argument to be without merit. While there may be evidence in the record to support the conclusion that Chilgren's degenerative disc disease does not prevent her from working, it is the responsibility of the ALJ to evaluate the May 2017 MRI in the context of that evidence and determine whether or to what extent it may impact Chilgren's RFC. *See Adkins*, 2019 WL 1040943 at * 3 (remanding where ALJ overlooked MRI and finding that "how [the medical evidence of record] squares with the results of the January 2015 MRI is an issue that the ALJ must address in the first instance.")

Accordingly, the Court finds that the ALJ's failure to consider the May 2017 MRI does not constitute harmless error. The Court therefore declines to adopt the Magistrate Judge's recommendation with respect to this issue, and remands the ALJ decision for further consideration of the medical and opinion evidence in light of Chilgren's May 2017 lumbar MRI.

### 2. Failure to Consider Combined Impact of Impairments

Chilgren next argues that the Magistrate Judge erred in concluding that the ALJ properly considered the combined impact of her physical and mental impairments. (Doc. No. 15.) Specifically, Chilgren argues that "multiple sources noted the interaction between [her] mental and

physical impairments," and asserts that the ALJ failed to fully appreciate or consider this interaction, instead erroneously viewing each of her impairments "in a vacuum." (*Id*. at p. 5-6.)

The Court finds this Objection to be without merit. As the Magistrate Judge correctly notes, the ALJ specifically considered evidence regarding the connection between Chilgren's mental and physical impairments. Specifically, the ALJ expressly noted Dr. Sklaroff's finding that Chilgren's "psychiatric issues may intensify her perception of pain." (Tr. 24.) In addition, the ALJ accorded "significant weight" to therapist McCort's opinion that Chilgren's "attention and persistence are affected by pain." (Tr. 30.) Lastly, the ALJ stated, on several occasions in the decision, that he considered Chilgren's physical and mental impairments both singly and in combination. (Tr. 33.)

In light of the above, the Court finds that Chilgren's argument that the ALJ considered her impairments "in a vacuum" is without merit and rejected.

## III. Conclusion

For the reasons set forth above, the Report & Recommendation ("R&R") is ADOPTED IN PART and REJECTED IN PART, as follows. The Court declines to adopt the R&R insofar as it finds that the ALJ's failure to consider the May 2017 MRI of Chilgren's lumbar spine constitutes harmless error. The Court adopts the R&R insofar as it finds that the ALJ properly considered the combined impact of Chilgren's mental and physical impairments. Thus, the Court VACATES and REMANDS the ALJ's decision for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Date: March 2, 2020

  *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE